### In re Dorothy SMITH.

### No. 06–03–00030–CV.

Court of Appeals of Texas,
Texarkana.

Submitted Feb. 5, 2003.

Decided Feb. 6, 2003.

Sharon S. McCally, Storey, Moore & McCally, J. Scott Nabers, Blizzard, McCarthy & Nabers, Houston, Karen Bishop, Bishop & Bishop, PC, Gilmer, for relator.

Paul E. Stallings, Vinson & Elkins, LLP, Houston, Gabriella S. Canales, Alice, James N. Haltom, Patton, Haltom, Roberts, Texarkana, David C. Duggins, Kenneth J. Ferguson, Clark, Thomas & Winters, PC, Austin, for real party in interest Wyeth and Wyeth Pharmaceuticals.

Paul H. Gilliam, Ramey & Flock, Tyler, for Med–Shop Pharmacy, Inc.

David P. Stone, Hartline, Dacus, Dreyer & Kern, Dallas, for Wal–Mart Stores.

Stephanie A. Smith, Fulbright & Jaworski, Austin, for Smithkline Beecham Corp.

David M. Taylor, Thompson, Coe, Cousins & Irons, Dallas, for Fisons Corp. and Medeva Pharmaceuticals.

Michael A. Walsh, Strasburger & Price, Dallas, for Gate Pharmaceuticals and TEVA Pharmaceuticals.

Ross A. Skolnick, Longview, for Estate of Dr. Jack Covin.

Karen F. Stallings, Locke, Liddell & Sapp, Houston, for EON Labs Manufacturing, Inc. and ION Laboratories, Inc.

Before MORRISS, C.J., ROSS and CARTER, JJ.

### OPINION

Opinion by Justice ROSS.

Dorothy Smith, relator, has filed a petition seeking issuance of a writ of mandamus. She asks this Court to direct the trial judge to vacate its order granting a legislative continuance because of the existence of an alleged Rule 11 agreement

between the parties, because the continuance infringes on her due process rights, or because the statute authorizing legislative continuances is unconstitutional. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 30.003(c) (Vernon 1997). Smith also argues in the alternative we should vacate and return the case to the trial court to reconsider the continuance as a discretionary matter. This argument is based on Smith's contention that, because the defendant hired the legislator as an attorney within ten days of the date on which the trial court set a date on which trial would commence, the trial court had discretion to overrule the continuance. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 30.003(c).

We have reviewed the record provided, as well as the arguments and authorities presented by counsel. We conclude relator has not shown this Court she is entitled to the relief sought. *See* TEX.R.APP. P. 52.8(a).

Smith has also requested that this Court issue an emergency stay to stay the effect of the grant of the legislative continuance pending our determination of her petition for writ of mandamus. The motion is overruled.

The petition is denied.